**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

GILBERT MOYE,

                        Plaintiff,

        - v -                                 Civ. No. 9:14-CV-1060
                                                    (DNH/DJS)

JAMES OAKMAN, *Correction Officer, Great Meadow Correctional Facility*,

                        Defendant.

**APPEARANCES:**                               **OF COUNSEL:**

GILBERT MOYE
Plaintiff, *Pro Se*
169459
Suffolk County Correctional Facility
110 Center Drive
Riverhead, New York 11901

HON. ERIC T. SCHNEIDERMAN           ADRIENNE J. KERWIN, ESQ.
New York State Attorney General            RYAN E. MANLEY, ESQ.
*Attorney for Defendant*                           Ass't Attorney Generals
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## ORDER

On November 16, 2015, the Court received a Letter-Motion from Plaintiff indicating his desire to amend his Complaint one additional time. Dkt. No. 48. Although the Court set a deadline for Plaintiff to file a motion to amend, the pretrial deadlines were stayed while the Court awaited the filing of that motion. Dkt. No. 50. But, instead of filing a motion to amend, Plaintiff filed a Motion to Compel, which was received by the Court on December 7, 2015. Dkt. No. 51. By this Motion, Plaintiff seeks, *inter alia*, copies of the Inspector General ("IG") investigative report;

written statements or audio recordings of interviews conducted by the IG of James Oakman, Inmate Jeremy Singletary, and the Plaintiff; the names of the three officers that were with Defendant Oakman at the time of the incident; and the names of the inmates housed on B-3 company who may constitute potential witnesses. Dkt. No. 51. The Defendant, through his counsel, responded to the Motion and indicated that the IG report was provided to the Plaintiff for his review, but at that time he had been transferred or released. Dkt. No. 54. It was also noted that a search had been made for audio recordings but no such recordings have been discovered. *Id.* An inquiry had also been made concerning the identity of any officers who may have been with Officer Oakman at the time of the incident on August 25, 2012, and the only individual that could be identified was Officer S. Carbotti. *Id.*

In light of the filing of the Motion to Compel, this Court stayed Plaintiff's deadline to file a motion to amend pending a determination on the Motion to Compel. Dkt. No. 52. After receiving Defendant's response, the Court set up a telephone conference to discuss the outstanding issues with the parties. Dkt. No. 58. On April 27, 2016, that conference was held.

During the conference, with regard to the Motion to Compel, Plaintiff advised the Court that he had been provided with and was able to review a copy of the IG investigative report. He requested actual copies of the written interviews, however, and the Attorney General's office oppose this request because the normal practice of the facility is to allow the inmate to review the report and take notes, but not to maintain a copy. Plaintiff indicated that in contemplation of filing an opposition to a motion for summary judgment, it may be necessary for him to submit copies of statements contained in the IG report. The Court indicated that in the event that such a motion were filed, and if it becomes necessary for the Court to review such statements, the Court would direct

that a complete copy of the IG report be provided for an *in camera* review prior to the issuance of any summary judgment decision. Plaintiff agreed with that proposal.

Next, Plaintiff inquired about the existence of audiotapes. Assistant Attorney General Adrienne Kerwin indicated that a search for such recordings has been made, and none has been discovered. Therefore the Court will not compel production of tape recordings that apparently do not exist. However, counsel for Defendant is instructed to keep searching for such items and, in the event that they are discovered to notify Plaintiff immediately so that he may listen to those recordings.

With regard to the names of corrections officers who were allegedly with Defendant Oakman at the time of the incident with Plaintiff, the Attorney General's office represents that they do not have the identity of any such officers, other than Officer Carbotti. Therefore the Defendant's response to this discovery demand stands. The Court will also not require the Defendant to produce the names of all inmates housed at the location of the incident. In this regard, Plaintiff has already acquired testimony from Inmate Jeremy Singletary and Inmate Jermaine Suttles. The production of the names of all other housed inmates is not proportionally relevant to the needs of this case.

Finally, during the Conference we discussed Plaintiff's desire to further amend the Complaint so that he can add certain "John Doe" Defendants who were allegedly at the scene of the incident and failed to intervene. Plaintiff also seeks to add as a defendant a correctional officer who allegedly falsified documents wherein said falsity was not discovered until recently. Defense counsel does not consent to such an amendment, and notes that there would be a significant statue of limitations impediment to any such new claim since the event at issue occurred more than three years ago. In light of the discussion held during the conference, Plaintiff is granted permission to

submit a motion for leave to file an amended complaint. Plaintiff must file a motion that conforms with this District's Local Rules, which requires, *inter alia*, "[a]n unsigned copy of the proposed amended pleading." N.D.N.Y.L.R. 7.1(a)(4). This proposed amended pleading must be a complete pleading, which would, if accepted, supersede the original pleading in all respects. *Id.* Plaintiff's proposed amended pleading shall not incorporate by reference any portion of any prior pleading. *Id*.

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED,** that the Plaintiff's Motion to Compel (Dkt. No. 51) is **denied** for the reasons set forth herein, and for the reasons further stated during the April 27, 2016 Telephone Conference; and it is further

**ORDERED**, that the Plaintiff is granted permission to file a motion to amend his complaint, and said motion is to be filed no later than **May 13, 2016**, and Defendant will have fourteen days thereafter to file a response. The motion will be taken on submit; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order upon the parties to this action.

Date: April 29, 2016
Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge