UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

GILBERT MOYE,

                              *Plaintiff*,

-against-

JAMES OAKMAN,

                              *Defendant*.

STIPULATION AND ORDER OF DISCONTINUANCE PURSUANT TO RULE 41(A)

9:14-CV-01060

DNH/DJS

---

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, the attorneys for Plaintiff, Gilbert Moye (DIN 06A3137), and Defendant, Officer James Oakman, parties to the above entitled-action, that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, the above-entitled action be and the same hereby is settled on the particular circumstances of this case, on the following terms and conditions, which it is agreed are of and shall have no legal precedential value in any other case either between the parties to this case or any other parties:

    1.    Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, the Plaintiff discontinues this action with prejudice and without damages, costs, interest, or attorneys' fees, under the conditions described in Paragraph 5 of this agreement, as against the Defendant James Oakman, and discharges and releases Defendant James Oakman and the State of New York, including its agencies, subdivisions, employees, private contractors or assignees, of any and all claims, demands, or causes of action, known or unknown, now existing or hereafter arising,

whether presently asserted or not, which relate in any way to the subject matter of this action, which relates to an incident on August 25, 2012, and further agrees to discontinue and/or not to commence or to pursue in any court, arbitration or administrative proceeding, any litigation, appeal or claims against the Defendant and/or any others released hereby pertaining to the underlying facts, circumstances or incidents that gave rise to the aforementioned action, and/or any damages resulting therefrom.

2. This action is hereby discontinued with prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

3. The parties agree that no provision of this settlement shall be interpreted to be an acknowledgment of the validity of any of the allegations or claims that have been made in the action.

4. This settlement does not constitute a determination of, or admission by any party to any underlying allegations, facts or merits of their respective positions. The settlement of this action is limited to the circumstances in this case alone and shall not be given effect beyond the specific provisions stipulated to. This settlement does not form, and shall not be claimed as, any precedent for, or an agreement by the parties, or either of them, to any generally applicable policy or procedure in the future.

5. Following the execution of this Stipulation, and it being ordered by the Court, together with the execution and delivery to the attorneys for Defendant Oakman of a General Release by the Plaintiff, payment shall be made to the Plaintiff in the amount of three thousand dollars ($3,000.00) in full settlement of any and all of claims arising under those circumstances described above in Paragraph 1. The above amount shall constitute all sums to which the Plaintiff is entitled, including but not limited to damages, costs, and attorney's fees. The

Plaintiff's check will be mailed to the business address of Plaintiff's counsel, as identified below, to be forwarded, as appropriate, for deposit in the Plaintiff's inmate account or, in the event that the Plaintiff is no longer incarcerated at the time of such forwarding, to such address as the Plaintiff and his counsel may deem appropriate.

6. Payment of the amount specified in paragraph 5 is conditioned on the approval of all appropriate state officials in accordance with the provisions for indemnification under section 17 of the New York Public Officers Law, and upon the Plaintiff's signing and returning a "Standard Voucher" which will be mailed to him by those agents of the Defendant responsible for the administrative processing of the settlement paperwork.

7. Payment of the amount referenced in paragraph 5 will be made within one hundred and twenty (120) days after the approval of this Stipulation by the Court and receipt by defendant's counsel of a copy of the so-ordered Stipulation, unless the provisions of Chapter 62 of the Laws of 2001 apply to the plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the one hundred and twenty (120) day payment period shall be extended by an additional thirty (30) days to allow for compliance with that law.

8. In the event that the terms of paragraph 6 are satisfied, but payment is not made within the 120 day period set forth in paragraph 7, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the 121st day after court approval or the 151st day after court approval if the provisions of Chapter 62 of the Laws of 2001 apply to the Plaintiff.

9. This Stipulation shall be null and void if the approvals referred to in paragraph 6 are not obtained, and this action shall then be placed back on the active docket without prejudice.

3

10. The Plaintiff represents and warrants that he is not a Medicare recipient, that he has never been on Medicare or Social Security Disability, that no conditional payments have been made by Medicare, and that he does not expect to be a Medicare recipient within the next 30 months.

11. The foregoing constitutes the entire agreement of the parties.

Dated: New Hartford, New York
October 16th, 2017

_____
Andrew L. Boughrum, Esq.
*Attorney for Plaintiff Gilbert Moye*
Athari & Associates, LLC
Two Oxford Crossing, Suite 2
New Hartford, New York 13413

Dated: Albany, New York
October 19, 2017

**ERIC T. SCHNEIDERMAN**
Attorney General of the State of New York
*Attorney for Defendant James Oakman*
The Capitol
Albany, New York 12224-0341

By: _____
Kyle W. Sturgess
Assistant Attorney General, of Counsel
Bar Roll No. 302888
Telephone: (518) 776-2592
Email: Kyle.Sturgess@ag.ny.gov

IT IS SO ORDERED:

_____
David N. Hurd
United States District Judge

Dated: October 19, 2017
Utica, NY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GILBERT MOYE,

                *Plaintiff*,

-against-

Correction Officer, James Oakman,

                *Defendant*.

**DECLARATION OF SERVICE**

14-CV-1060

DNH/DJS

I, BETH VANDERHEYDEN, declare pursuant to 28 USC § 1746, that on October 19, 2017, I served the **Stipulation and Order of Discontinuance Pursuant to Rule 41(A)**, filed herein electronically upon the following individual, by depositing a true copy thereof, properly enclosed in a sealed, postpaid wrapper, in a post office box in the City of Albany, a depository under the exclusive care and custody of the United States Postal Service, directed to the individual at the address, designated for that purpose, as follows:

Gilbert Moye, 06-A-3137
Elmira Correctional Facility
1879 Davis St
P.O. Box 500
Elmira, New York 14901-0500

Dated: October 19, 2017
       Albany, New York

                              *s/ Beth Vanderheyden*
                              Beth Vanderheyden